THOMAS H. WOOD *et al.*

*v.*

JOHN D. SHAW.

1. DEPOSITIONS—*of a party to the suit.* Under the act of 1867, relating to the competency of witnesses in civil cases, where a party has his own deposition taken, it is not ground for suppressing it, that the party wrote his answers in the deposition to the various interrogatories. To that extent, the act of 1867 repeals the sixteenth section of the chapter entitled " Evidence and Depositions."

2. EVIDENCE—*admissible to impeach a witness.* When a witness is asked whether he made statements different from his testimony on the trial, and the time, place and language are specified, and he states that he does not recollect it, the other party may call witnesses to prove that he did make such statements, and it is error for the court to reject such impeaching evidence.

APPEAL from the Circuit Court of DeKalb county; the Hon. THEODORE D. MURPHY, Judge, presiding.

This was a suit brought by Shaw, against Wood & Harkness, to recover for an alleged balance due him, for making mole ditches on their farm.

35—48TH ILL.

The defense was, that the ditches were not dug, as to depth, according to contract. The trial resulted in a verdict and judgment for the plaintiff. The defendants bring the cause to this court, and ask that the judgment be reversed, for the reason that the deposition of Shaw, in his own handwriting, was admitted in evidence, under the law of 1867, against the objection of the defendants, and for a refusal to admit testimony tending to impeach a material witness who testified in behalf of the plaintiff.

Messrs. Divine & Pratt, for the appellants.

Mr. A. Jones and Mr. Charles Kellum, for the appellee.

Mr. Justice Walker delivered the opinion of the Court:

The first error urged is, the refusal of the court below to sustain the motion to suppress the deposition of appellee. Under the recent act of the legislature, permitting parties to testify in their own behalf, plaintiff below had his deposition regularly taken and filed in the cause, and defendant entered a motion to suppress it because the answers to the interrogatories were in his own handwriting, but the court below refused to allow the motion. The 16th section of the chapter of the Revised Statutes, entitled "Evidence and Depositions," declares that "The party, his attorney, or any person who shall in anywise be interested in the event of the suit, shall not be permitted to dictate, write or draw up, any deposition or depositions, which may at any time be taken under this chapter; and every deposition so dictated, written or drawn up, or that shall be returned to the court unsealed, or the seal of which shall be broken, shall be rejected by the court as informal and insufficient." Prior to the passage of the act of the 19th of February, 1867, there can be no question that this objection would have been well taken. But the question

arises, whether that law has not so far altered the mode of taking depositions as to render the objection inoperative.

The act of 1867, Sess. Laws, p. 183, renders parties in civil causes, with a few exceptions, and it is not claimed that appellee falls within either one of them, competent as witnesses. The sixth section of this act provides for taking the depositions of the parties in the same manner, and subject to the same rules, as other witnesses. The act of 1867 repeals the prior law, so far as it is repugnant to the provisions of the latter act; and there can be no question that the provision that a party in interest shall not dictate any portion of a deposition in a suit in which he is a party, can have no application to his own deposition, which is allowed by the act of 1867; hence, that part of the sixteenth section of the chapter on "Evidence and Depositions," is repealed to that extent. It is perfectly apparent that he could not frame an answer to an interrogatory propounded to him in the deposition, without dictating the answer.

The object in preventing a party from dictating or writing answers of witnesses in their depositions, was to prevent them from writing it incorrectly, or, so as to bear a construction more favorable to the party in interest than the witnesses testifying intended. It was to secure perfect fairness, that this provision was adopted, but when a party to the suit gives his testimony by deposition, the reason does not apply. He must dictate his answers. The practice is believed always to have sanctioned the writing of answers to interrogatories by the witness who gives his deposition. Such a practice is not liable to the unfairness intended to be prevented; and when a party to the suit is made a competent witness, no reason is perceived why he may not write his answers to interrogatories in his deposition. It would seem to follow, as an incident to his becoming a witness in a case in which he is a party, and as no injury or wrong can result from it, so far as we can perceive, we can see no objection to the practice. His attorney would,

no doubt, be still prohibited from dictating or writing his answers, as well as of other witnesses; nor could a party to the suit dictate or write the answers of other witnesses.

On the trial in the court below, McVey was asked whether he had not made former statements inconsistent with evidence given by him on the trial. His attention was called to the time, place and statements made, and he answered that he did not remember to have made them. On the trial, he stated that the " depth of the ditch was about as near three and a-half feet as could be run." The questions asked him were, whether he said to Phelps that "Shaw was not ditching as deep as he had agreed, but he was ditching as deep as he could do it and make anything ?" and whether he did not say to Phelps " that it was not as deep as Shaw had agreed to put it ?" Appellant called Phelps as a witness, and offered to prove by him that McVey had made these statements, but on appellee's objecting, the court refused to permit him to answer the questions. In this there was error. It appears that the ditch was, by the agreement of the parties, to be three and a-half feet deep, and he had called McVey to prove a compliance with the terms of the contract, and the witness had given evidence tending to prove that the ditch was of the proper depth. This testimony was important, as the depth of the ditch was in dispute, and important on the issue being tried. And to show that a witness has made at other times contradictory statements, is always admissible to impeach his testimony.

It has been held, that where a witness' attention is called to the time, place and declarations made by him, and he denied having made them, or states that he does not recollect them, or gives indirect or evasive answers, the other party may prove that he made such statements. *Ray* v. *Bell*, 24 Ill. 451. Unless he denies, however, that he made the statements, it might not impair the weight of his evidence to the same extent as if the denial was positive. In such a case, it would be for the jury to determine whether he really had forgotten

having made the statement, or only evaded answering. But, in such cases, it is for the jury to determine the extent to which his credibility was impeached, and the weight they should give the evidence of such a witness. The court erred in not permitting Phelps to answer these questions; and the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*